# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ANDREA GUARINO,**

    **Plaintiff,**

**v.**                                                             **Case No.  8:10-cv-2885-T-30TGW**

**WYETH LLC and**
**SCHWARZ PHARMA, INC.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motions for Reconsideration (Dkts. 61 & 63) and Defendants' Responses in opposition (Dkts. 64 & 65).  The Court, having considered the motions, responses, and being otherwise advised of the premises, concludes that the motions should be denied.

On November 7, 2011, the Court dismissed Plaintiff's claims against Defendant Teva Pharmaceuticals USA, Inc. with prejudice because the United States Supreme Court's recent decision in *Pliva, Inc. v. Mensing*, 131 S. Ct. 2567 (2011) (*reh'g denied*) held that federal law preempts and therefore bars Plaintiff's state-law claims against Teva in this case (Dkt. 39).

On April 3, 2012, the Court granted summary judgment in favor of the Brand Defendants because the undisputed facts reflected that Plaintiff did not use any metoclopramide manufactured by them, which was dispositive of her claims under Florida law (Dkt. 59).

Plaintiff's motions for reconsideration essentially seek to re-litigate issues already considered and rejected by this Court. Plaintiff also attempts to assert arguments that she could have raised previously. Plaintiff does not put forth any newly discovered or previously unavailable evidence, Plaintiff does not cite a change in the controlling legal authorities, and Plaintiff does not identify any errors of fact underlying the Court's rulings. In short, Plaintiff's motions do not raise proper grounds for reconsideration.[1]

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motions for Reconsideration (Dkts. 61 & 63) are DENIED.

**DONE** and **ORDERED** in Tampa, Florida on May 23, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-2885.mtsreconsider61and63.wpd

---

[1] Notably, Plaintiff previously filed a motion for reconsideration with respect to the Court's dismissal of Teva with prejudice, which this Court denied on January 5, 2012 (Dkt. 49). Curiously, Plaintiff's second motion for reconsideration with respect to the dismissal of Teva purports to be a motion to alter judgment, despite the fact that a final judgment was not entered against Plaintiff with respect to Teva. A final judgment would not be necessary under these circumstances because Teva was dismissed with prejudice. Accordingly, although the Court finds no merit to Plaintiff's motion, procedurally, it is inappropriate as to the dismissal of Teva with prejudice.